## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

STEVEN BRODER,

        Plaintiff,                    Case No. 03-75106
                                             Hon. Marianne O. Battani

v.

CORRECTIONAL MEDICAL SERVICES,
INC., et al.,

        Defendants.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE
## JUDGES'S REPORT AND RECOMMENDATION

Before the Court is Defendants Mathai and Hutchinson's Objections to Report and Recommendation (Doc. No. 102). The Court has reviewed the objections and Plaintiff's response thereto and for the reasons that follow, the Court **ADOPTS** Magistrate Judge Komives' Report and Recommendation.

### I. INTRODUCTION

Plaintiff Steven Broder, a prisoner in the custody of the Michigan Department of Corrections ("MDOC"), initiated the current action alleging federal claims under 42 U.S.C.§ 1983 and state law claims of gross negligence and medical malpractice. His claims arise out of his contention that Defendants failed to timely diagnose or adequately treat his larygenal cancer. Defendant Bency Mathai acted as Plaintiff's primary care physician during the relevant time period, from Spring 2001 through April 2003. Dr. Craig Hutchinson, was the Medical Director of the contract provider of health care services for Michigan prisoners during the relevant time frame, and he was responsible for the policies and practices in place.

Defendants Mathai and Hutchinson filed a Motion to Dismiss and/or for Summary Judgment. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred the motion to Magistrate Judge Komives. After reviewing the parties' submissions, Magistrate Judge

Komives concluded that the motion should be granted in part and denied in part. The Factual History section of the Report and Recommendation lays out the relevant facts and the Court adopts the recitation in its entirety. The parties did not dispute that the Plaintiff's gross negligence and willful and wanton misconduct claims should be dismissed. Defendants object to the remaining recommendations, challenging whether Plaintiff should be allowed to proceed with his Eighth Amendment and medical malpractice claims.

## II.   STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## III.   ANALYSIS

Defendants raise three objections to the Report and Recommendation. First, they assert that there is insufficient evidence to support that Dr. Mathai knew of an disregarded a substantial risk of serious harm to Plaintiff's health and safety. Second, Defendants object to the recommendation that Plaintiff's § 1983 claim go forward as to Dr. Hutchinson given his lack of personal involvement in the Plaintiff's medical treatment. Finally Defendants object to the recommendation that the medical malpractice claim survives summary judgment inasmuch as Plaintiff's Notice of Intent

and Affidavit of Merit fail to meet the statutory criteria. Each objection is addressed below.

### A. Eighth Amendment

Courts assess a prisoner's claim that his constitutional right to medical treatment was violated under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To state a § 1983 claim for a violation of a prisoner's Eighth Amendment rights due to inadequate medical care, the prisoner must allege facts evidencing a deliberate indifference to serious medical needs. Farmer v. Brennan, 511 U.S. 825, 838-42 (1994); Wilson v. Seiter, 501 U.S. 294, 297 (1991).

To succeed on a claim of deliberate indifference, plaintiff must satisfy both an objective element and a subjective one. Wilson, 501 U.S. at 300. A serious medical need, such as Plaintiff's in this case, satisfies the objective element. See id. at 297. If the medical need involved is minor, a plaintiff "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." Johnson v. Karnes, 398 F.3d 868, 874 (6th Cir. 2005) (quoting Napier v. Madison County, Kentucky, 238 F.3d 739, 742 (6th Cir. 2001)) (internal punctuation omitted). To satisfy the subjective component of the adequate medical care test, the plaintiff must demonstrate that the defendant "subjectively perceived a risk of harm and then disregarded it." Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001) (citing Farmer, 511 U.S. at 837). An inmate may satisfy the subjective component of the Section 1983 standard by showing that prison officials' delay in providing medical treatment caused unnecessary pain or the worsening of his condition. Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990) (observing that a "[f]ailure to respond to an inmate's known medical needs raises an inference that there was deliberate indifference to those needs").

Defendants assert that there is no evidence supporting the subject element of a

3

deliberate indifference claim upon which the jury could conclude Dr. Mathai knew of and disregarded a substantial risk of serious harm to Plaintiff's health and safety. Defendants' assertion is undermined by the record in this case, which chronicles Plaintiff's deteriorating medical condition and Dr. Mathai's response to Plaintiff's persistent sore throat and drastic weight loss. Defendants fail to show any basis upon which to depart from the Magistrate Judge's thorough analysis of the facts and governing law. The Court agrees with the Magistrate Judge that a jury question exists, and, accordingly, rejects Defendants' objection.

### B. Personal involvement

Defendants object to the Magistrate Judge's determination that Plaintiff's § 1983 claim can continue against Dr. Hutchinson, arguing that Plaintiff has failed to show Dr. Hutchinson's personal involvement in the policies and practices governing Plaintiff's medical treatment. Defendants claim that there is no discussion of how the policies were adopted and/or implemented by Dr. Hutchinson or relied upon by any of Plaintiff's treating physicians. The fact that MDOC's system may be flawed does not necessarily indicate that Dr. Hutchinson was deliberately indifferent, and Defendants assert that there is no evidence that what happened to Plaintiff is anything other than an isolated incident. Objections at 16. Further, Defendants argue that the Magistrate Judge improperly relied on findings of fact and conclusions of law from other litigation, in which a district court found that "the policies, procedures, and health care systems in place [ ] in 2001-2002 violated the Eighth Amendment." See R&R at 30. Dr. Hutchinson was not a party to that litigation and Defendants conclude that reliance on those findings is inappropriate.

The record shows that Dr. Hutchinson provided clinical oversight for the state correctional system, including quality of specialty care services. Pl.'s Ex. I, at 6. In contrast to Defendants' position, evidence of systemic problems is evidenced by the fact

4

that Plaintiff's kites, grievances, and letters to Dr. Pramstaller, MDOC's chief medical officer, were not included in Plaintiff's medical chart and available for review by Dr. Mathai.  This problem is exacerbated by Defendants' reliance on a system that was not designed to deal with urgent care.  Pl.'s Ex. I at 76-77.  In addition, the Court rejects Defendants' contention that the Magistrate Judge relied improperly on the litigation in another case filed against the Michigan Department of Corrections regarding health care provided to prisoners.  The Magistrate Judge merely cited the case as evidence supporting Plaintiff's claim of systemic failure and Hutchinson's knowledge of the failure.  Finally, the Magistrate Judge relied on the testimony of Plaintiff's expert, Dr. Williams, that the processes were "[w]ay too slow" in reaching his recommendation.  R&R at 31.

There is sufficient evidence presented by Plaintiff to rebut Defendants' request for summary judgment on this claim.  Accordingly, the Court denies Defendants' objection on this claim.

### C.  Medical malpractice claim

Defendants contest the Magistrate Judge's characterization of Michigan's medical malpractice statutes as "procedural," rather than substantive, and they assert that Plaintiff's failure to comply with the statutory requirements requires dismissal.  The Court disagrees.  The Report and Recommendation articulates the statutory requirements and assesses whether they were met in this case.  The recommendation is supported by case law.

## IV.  CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Report and Recommendation in its entirety.  Accordingly, Defendants' Motion to Dismiss and/or for Summary Judgment is **GRANTED in part and DENIED in part.**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's gross negligence claim is

**DISMISSED**.

       **IT IS SO ORDERED.**


DATED: <u>March 14, 2008</u>

                                <u>s/Marianne O. Battani</u>
                                MARIANNE O. BATTANI
                                UNITED STATES DISTRICT JUDGE

                                CERTIFICATE OF SERVICE

      Copies of this Opinion and Order were mailed to counsel of record on this date by ordinary mail and/or e-filing.

                                <u>s/Bernadette M. Thebolt</u>
                                Deputy Clerk