**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEVEN BRODER,

        Plaintiff,                             Case No. 03-75106
                                                        Hon. Marianne O. Battani

v.

CORRECTIONAL MEDICAL SERVICES,
INC., et al.,

        Defendants.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Before the Court are Plaintiff Steven Broder's Objections to Report and Recommendation (Doc. No. 104), Defendants' (George Pramstaller, Patricia Caruso and Jan Epp) Objections to the Report and Recommendation (Doc. No. 111), and Plaintiff's Response thereto (Doc. No. 112). The Court has reviewed the pleadings and, for the reasons that follow, the Court **ADOPTS** Magistrate Judge Komives' Report and Recommendation.

**I. INTRODUCTION**

Plaintiff Steven Broder, a prisoner in the custody of the Michigan Department of Corrections ("MDOC"), initiated this law suit alleging federal and state claims against Defendants arising out of the medical treatment he received for his laryngeal cancer.

On December 20, 2006, Defendants Patricia L. Caruso, Director of the Bureau of Prisons, George Pramstaller, the MDOC Medical Director, and Jan Epp, a regional health administrator, filed a Motion for Summary Judgment. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred the motion to Magistrate Judge Komives.

After reviewing the parties' submissions, Magistrate Judge Komives recommended that the motion be granted in part and denied in part. "Specifically, the Court should deny the motion with respect to Plaintiff's federal civil rights claim against defendants Epp and Pramstaller in their personal capacities based on "their role in devising and implementing the medical policies and should grant the motion with respect to plaintiff's remaining federal and state law claim against defendants Caruso, Epp, and Pramstaller." Report and Recommendation ("R&R") at 2.

Defendants object to several findings. First, they claim that the Magistrate Judge incorrectly concluded that Plaintiff's claims were exhausted. Second, they assert that the Magistrate Judge erroneously recommended that Pramstaller and Epps could be liable under 42 U.S.C. § 1983 in their individual capacities on a claim that a constitutional violation is attributable to an official policy. Third, they object to the Magistrate Judges' conclusion that there is sufficient evidence for a jury to conclude that the policies in place for obtaining authorization for off-site tests were unconstitutional. Finally, Defendants assert that the Magistrate Judge erroneously concluded that Pramstaller and Epp were not entitled to qualified immunity.

Plaintiff also raises an objection to the Report and Recommendation. He opposes the recommendation that his claim for prospective injunctive relief be dismissed.

No objections have been advanced to the recommendations to dismiss all state law claims against Caruso, Pramstaller, and Epp or to dismiss all federal claims as to Caruso. The Court therefore adopts those recommendations.

## II.     STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1).

The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## III. ANALYSIS

### A. Failure to Exhaust

Defendants contend that Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378 (2006), requires a finding that the grievance was untimely. The Woodford Court held that filing an "untimely or otherwise procedurally defective administrative grievance" is not properly exhausted. 126 S.Ct. at 2382. It is undisputed that prison officials addressed Plaintiff's grievance on the merits rather than dismissing it as untimely. Defendants maintain they were forced to do so because a prior Sixth Circuit decision, Thomas v. Woolum, 337 F.3d 720, 723 (6th Cir. 2003) (holding that a Plaintiff exhausted his administrative remedies notwithstanding the fact that he did not file his grievance in a timely manner), which required prison officials to address grievances on the merits.[1] They conclude that Woodford, which overruled the Woolum decision, should be applied retroactively to this case, and further that it mandates dismissal for failure to exhaust. This Court disagrees.

Certainly, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function

---

[1] Plaintiff maintains that Woolum had not been decided when Plaintiff filed his grievances and when his grievances were answered.

effectively without imposing some orderly structure on the course of its proceedings." Woodford, 126 S.Ct. at 2385. Nevertheless, Woodford does not deal with a case in which the prison officials addressed a grievance on the merits even though exhaustion has not occurred. This Court finds the reasoning in Baker v. Vanderark, No. 07-004, 2007 WL 3244075 (W.D. Mich. Nov. 1, 2007), which deals directly with this issue, persuasive. As the district court noted, "The gravamen of Woodford holds that proper exhaustion requires:

> 1. Using all steps that the agency holds out,
>
> 2. Do[ne] properly, "so that the agency addresses the issues on the merits".
>
> Immediately thereafter, Justice Alito shines guiding light for Courts and its limited role under the umbrella of proper exhaustion: courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred <u>against objection made at the time appropriate under its practice</u>.

Baker, (Internal punctuation and quotation omitted) (emphasis added). Accord Johnson v Beardslee, No. 06-374, 2007 WL 2302378 (W.D. Mich. Aug. 8, 2007) (finding exhaustion satisfied because MDOC accepted the grievance and addressed it on the merits rather than rejecting it or denying it as untimely).

In this case, MDOC reviewed and decided the grievances on the merits. It did not reject them as untimely. Consequently, the Court finds no basis for deeming the grievances unexhausted.

### B. Individual Capacity Suit Based on Official Policy

Defendants contend that Pramstaller and Epps cannot be held liable under 42 U.S.C. § 1983 for a constitutional violation attributed to an official policy. At the outset, Defendants note that Eleventh Amendment immunity precludes an official capacity claim for monetary damages against state official on a custom and policy theory. They characterize Plaintiff's claim is an attempt to circumvent that immunity by suing

Defendants for monetary damages in their individual capacities. They assert that a custom or policy can only be adopted by an official in his official capacity. Accordingly, the Court must reject this claim.

Again the Court rejects Defendants' objection. State officials can be found liable in their individual capacities for implementing unconstitutional state policies and practices. In Hafer v. Melo, 52 U.S. 21, 26 (1991), the Supreme Court held that a state official may be sued personally for damages under § 1983 for actions taken in an official capacity. "The phrase `acting in their official capacities' is best understood as a reference to the capacity in which the officer is sued, not the capacity in which the officer inflicts the alleged injury." Id.

The Eleventh Amendment does not erect a barrier against suits to impose "individual and personal liability" on state officials under § 1983. Id., at 31. Although "imposing personal liability on state officers may hamper their performance of public duties," the Court recognized that those concerns were better addressed in the "framework of [ ] personal immunity jurisprudence." Id. In short, case law does not support Defendants' argument. "The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the "official" nature of their acts." Id.

Defendants further challenge the recommendation that Plaintiff be allowed to pursue this claim by distinguishing many of the cases upon which the Magistrate Judge relies as dealing with local governments or municipalities, not state officials. Defendants' efforts are not persuasive; they offer no authority in support of their objection. As noted by the appellate court in Young ex rel. Estate of Young v. Martin, 51 Fed. Appx. 509, 514-15 (6th Cir. 2000), "[O]ur Circuit's precedent has held a state official liable for implementing or overseeing an unconstitutional policy, even without

specific knowledge that the policy will cause harm to a particular plaintiff." Accord Taylor v. Michigan Depart. of Corrections, 69 F.3d 76, 81 (6th Cir. 1995) (reversing an award of summary judgment and allowing the plaintiff to pursue his claim that the defendant's failure to adopt a transfer procedure to protect smaller, youthful prisoners violated his constitutional rights).

### C.  Sufficiency of the Policies

Defendants challenge the Magistrate Judge's finding that Plaintiff presented sufficient evidence for a reasonable jury to conclude that the polices and practices were deliberately indifferent to the urgent medical needs of prisoners.  R&R at 10.  According to Defendants, the policies in place for obtaining authorization for off-site tests could be completed in less than an hour because government offices as well as doctor's offices have phones, facsimile machines, photocopiers, and computers with e-mail.  They argue that the mere fact that procedures are not followed or implemented properly does not undermine their constitutionality.

The Court finds that Plaintiff presented sufficient evidence to show the existence of a genuine issue of material fact as to whether the customs, and policies were unconstitutional.   The Report and Recommendation accurately articulates the steps that had to be taken before a prisoner could receive outside specialty care as well as evidence that the procedures were inadequate to ensure timely care.  Id.  Accordingly, this argument fails to advance a proper basis for the Court to reject the Report and Recommendation.

### D.  Availability of Qualified Immunity

Pramstaller and Epp contend that they are entitled to qualified immunity because, contrary to the Magistrate Judge's finding, there is neither a constitutional right at issue and, even if there were, it was not clearly established.  Contrary to Defendants'

unsupported assertion, the record shows sufficient evidence, if believed by a jury, to support a finding that Pramstaller and Epp, who either "implemented or oversaw medical policies that were wholly inadequate to address urgent medical needs, were aware of these deficiencies." R&R at 12.  Evidence taken in the light most favorable to Plaintiff show that the polices and practices caused severe delays in diagnosis and treatment for specialty referrals and urgent care.  Further, such conduct, if established, violates clearly established constitutional rights.

### E. Prospective Injunctive Relief

In the R&R, the Magistrate Judge found that Plaintiff does not require urgent medical care, and therefore, his claim for prospective injunctive relief should be dismissed.  As noted in the Report and Recommendation, prospective relief against state officers in their official capacities are not barred by the Eleventh Amendment.  Because the policies Plaintiff attacks have been changed, and Plaintiff presented no evidence with respect to deficiencies under the current policy, his claim for injunctive relief does not fall within an exception to Eleventh Amendment immunity.

Broder objects.  He asserts that urgent care by its nature is temporary and unforeseeable, therefore he need not allege that current care is constitutionally deficient to proceed.  The Court finds his objection lacking in merit.

In determining whether the doctrine of Ex parte Young, 209 U.S. 123 (1908), avoids an Eleventh Amendment bar to suit, a court need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. . . ."  Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 296 (1997).  The Magistrate Judge properly characterized Plaintiff's claim, and the Court adopts the recommendation.

## IV. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Report and Recommendation in its entirety. Plaintiff's claims against Epp and Pramstaller in their personal capacities based on their role in devising and implementing the medical policies survive Defendants' motion. The Court **DISMISSES** all other claims against Epp and Pramstaller. It further **DISMISSES** defendant Caruso.

**IT IS SO ORDERED.**


DATED: <u>March 14, 2008</u>

                                      <u>s/Marianne O. Battani</u>
                                      MARIANNE O. BATTANI
                                      UNITED STATES DISTRICT JUDGE


**CERTIFICATE OF SERVICE**


Copies of this Opinion and Order were mailed to counsel of record on this date by ordinary mail and e-filing.

                                      <u>s/Bernadette M. Thebolt</u>
                                      Deputy Clerk